IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH GEBHARDT, ET AL., | ) | CIVIL NO. 06-00251 SOM-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CHURCH OF HAWAI`I NEI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION
FOR REMAND AND FOR COSTS AND SANCTIONS ON THE
<u>GROUNDS OF DEFECTIVE REMOVAL AND LACK OF FEDERAL QUESTION</u>**

On May 18, 2006, Plaintiffs Joseph D. Gebhardt and Susan K. Gebhardt ("the Gebhardts") filed their Motion for Remand and for Costs and Sanctions on the Grounds of Defective Removal and Lack of Federal Question ("Motion").  United States District Judge Susan Oki Mollway referred the Motion to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules") on May 22, 2006.  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule LR7.2(d).  Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Gebhardts' Motion be GRANTED IN PART AND DENIED IN PART for the reasons below.

## BACKGROUND

On April 6, 2006, the Gebhardts filed the Amended Complaint in the instant mortgage foreclosure action in the Circuit Court of the First Circuit against Defendants the Church of Hawai`i Nei ("Hawai`i Nei"), Doctor Nui Loa Price, aka Maui Loa ("Dr. Price"), and the City and County of Honolulu ("the City").  The property at issue is located at 59-051 Pupukea Road, Haleiwa, Hawai`i ("the Property").  On September 23, 2003, Dr. Price and Hawai`i Nei executed a promissory note for $282,000.00, secured by a mortgage on the Property and further evidenced by an addendum to the mortgage.  The note expired and matured on December 31, 2005, at which time the remaining principal and interest became due and payable.  [Amended Complaint at ¶¶ 7, 10-11.]  On January 12, 2006, the Gebhardts, through their attorney, demanded payment in full, plus attorneys' fees incurred to date.  [Id. at ¶ 13.]

The Gebhardts also allege that Hawai`i Nei and Dr. Price are in violation of the mortgage addendum, which requires them to pay any fines that either the City or the State of Hawai`i assessed against the Property within thirty days of the notification of the fines.  [Id. at ¶ 12.]  Hawai`i Nei and Dr. Price have incurred fines for zoning violations because they lease space for a commercial retail enterprise and the property is zoned for residential use.  [Id. at 18, 22.]  On March 27,

2006, the Gebhardts received a notice that the City intended to conduct a tax sale of the Property based on Hawai`i Nei's failure to pay $186,027.90 in property taxes, $69,946.81 in penalties and interest to date, and $909.82 in costs, for a total of $256,884.53.  [Id. at ¶ 17.]  Hawai`i Nei and Dr. Price have refused to pay the fines.  [Id. at ¶ 21.]

At the time the Gebhardts filed the Amended Complaint, the amount due to them on the mortgage was $252,682.22.  They also allege that, as long as Hawai`i Nei and Dr. Price fail to pay the outstanding fines to the City, interest on the mortgage accrues in the amount of $46.95 per day until the mortgage is paid.  [Id. at ¶¶ 19-20.]

The Amended Complaint seeks, *inter alia*, foreclosure of the Gebhardts' lien and sale of the Property, with the proceeds of the sale being applied to the satisfy the Gebhardts' lien before the City's fines.  [Id. at pgs. 5-6.]

On May 5, 2006, Hawai`i Nei removed the case to Federal Court.  The Notice of Removal argued that there is federal jurisdiction based on 28 U.S.C. § 1331 because the action involved violations of religious freedoms protected under 42 U.S.C. § 2000cc and the Protection of Land Use as Religious Exercise Act, and violations of 42 U.S.C. § 1983.  The only document Hawai`i Nei attached to the Notice of Removal was the

Amended Complaint.[1]

The Gebhardts filed the instant Motion on May 18, 2006. First, the Gebhardts argued that removal was improper because neither of the other two defendants consented to the removal, as required by 28 U.S.C. § 1446(a). Further, the Gebhardts argued that the Federal Court does not have jurisdiction over the matter because the Amended Complaint does not present any federal claims. The Gebhardts deny that Hawai`i Nei has a defense based on federal law, and argues that, even if Hawai`i Nei did have such a federal defense, it cannot be the basis of removal. If federal jurisdiction does exist, the Gebhardts argue that abstention is appropriate. Finally, the Gebhardts argued that Hawai`i Nei no longer has an interest in the Property[2] and therefore lacks standing to assert claims based on the violations alleged in the Notice of Removal. The Gebhardts ask the Federal Court to order Hawai`i Nei to pay their costs, including reasonable attorneys' fees, incurred because of the removal

---

[1] There were apparently other filings in the state court prior to removal that Hawaii Nei failed to include with the notice. On April 24, 2006, the City filed an answer to the Amended Complaint with a counter-claim against the Gebhardts, and a cross-claim against Hawaii Nei and Dr. Price. The Gebhardts filed a motion for summary judgment on April 25, 2006.

[2] On January 25, 2005, Hawaii Nei and Markus Graf executed a deed granting all of their respective interests in the Property to Dr. Price. [Exh. B to Motion.]

proceedings.[3]

The City filed a joinder in the Motion on May 22, 2006. The City stated that it anticipated that Hawai`i Nei would argue that removal was proper under 28 U.S.C. § 1441 and/or 28 U.S.C. § 1443. The City argues that removal is improper under either statute. The City also pointed out that Hawai`i Nei had not filed an answer, counter-claim, or cross-claim against the City alleging that the civil penalties or real property tax assessments were improper. Further, even if Hawai`i Nei did so, the Federal Court would not have jurisdiction to hear the claim because Hawai`i Nei did not exhaust its administrative remedies.

Hawai`i Nei filed its memorandum in opposition on June 8, 2006. Hawai`i Nei argued that it was entitled to injunctive relief because the City's civil penalties and threatened tax sale infringe upon Hawai`i Nei's federal rights, including, *inter alia*, its right to the free exercise of religion, in violation of § 1983 and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*.[4] Hawai`i Nei argued

---

[3] The Gebhardts ask the Federal Court to impose sanctions against Hawaii Nei and its counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. A motion for Rule 11 sanctions, however, must be filed separately from other motions. See Fed. R. Civ. P. 11(c)(1)(A). This Court therefore will not address whether Hawaii Nei or its counsel violated Rule 11.

[4] On June 16, 2006, Hawaii Nei filed a motion for temporary restraining order and injunctive relief, raising similar arguments to those he raises here.

that the City is arbitrarily and capriciously trying to prohibit Hawai`i Nei from conducting church fund-raising activities on the Property. Hawai`i Nei also argued that the City is discriminating against it based on race and that the City is trying to dispossess "Native Hawaiian Tribal land owners of fee simple property" and that the City denied Hawai`i Nei conditional use variances that it granted for other non-Hawaiian commercial activities in the area.

On June 19, 2006, the City filed its reply and the Gebhardts filed a joinder in the City's reply. Both argued that the Court should strike Hawai`i Nei's memorandum in opposition as untimely. The City also argued that Hawai`i Nei's argument that it is entitled to injunctive relief does not address the issue whether remand is warranted. It also pointed out that Hawai`i Nei's memorandum in opposition did not identify the statutory authority for the removal and reiterated that Hawai`i Nei has not established that removal was proper under either of the two arguably applicable statutes, § 1441 or § 1443.

## DISCUSSION

As an initial matter, the Court notes that it ordered the parties to file any memoranda in opposition to the Motion by June 5, 2006. Hawai`i Nei did not file its memorandum in opposition until June 8, 2006 and it did not seek an extension from the Court. While the Court does not encourage litigants to

disregard court-imposed deadlines, the Court declines to strike Hawai`i Nei's memorandum in opposition insofar as Hawai`i Nei's late filing did not impair the City's and the Gebhardts' ability to prepare their reply memoranda.  The Court, however, cautions Hawai`i Nei and its counsel that any future failure to abide by the rules of court or to comply with applicable deadlines may result in sanctions.

I.      **Removal Under § 1441**

Hawai`i Nei's Notice of Removal does not cite the statutory authority for removal.  It merely states that the Federal Court has jurisdiction over the case "under 28 U.S.C. Section 1331 because it involves violations of religious freedoms protected in 42 U.S.C. § 2000cc., [sic] The Protection of land use as religious exercise Act, and violation of 42 U.S.C. Section 1983."  [Notice of Removal at 2.]  Based on this allegation, it appears that Hawai`i Nei removed the case pursuant to 28 U.S.C. § 1441, which states, in pertinent part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).  In addition, Hawai`i Nei must also meet the procedural requirements of 28 U.S.C. § 1446.

### A. Procedural Requirements

The Notice of Removal did not include a consent by either the City or Dr. Price, nor did they subsequently join in the removal.  In fact, the City supports remand to state court and joined in the instant Motion.  Hawai`i Nei's failure to obtain the consent of the other defendants is fatal under § 1446.  See Pressman v. Meridian Mortgage Co., 334 F. Supp. 2d 1236, 1240-41 (D. Hawai`i 2004) (citing Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties . . . .")).  This Court therefore finds and recommends that the district court grant the Gebhardts' Motion based on Hawai`i Nei's failure to obtain the consent of the other defendants.

### B.   **Federal Jurisdiction**

For the sake of completeness, the Court will address whether the Federal Court has jurisdiction over the instant case. In its Notice of Removal, Hawai`i Nei argues that the Federal Court has federal question jurisdiction. Courts determine whether a federal question exists based on the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted). A defense is not part of the plaintiff's well-pleaded complaint. See id. A defendant therefore cannot premise removal based on federal question jurisdiction upon a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. (citation and quotation marks omitted). A plaintiff, however, cannot avoid removal by failing to plead necessary federal questions. A federal court may uphold removal, even where there is no federal question on the face of the complaint, if it concludes that the plaintiff has artfully pleaded his claims in this manner. See id.

In the present case, the Gebhardts' Amended Complaint is based upon state law; it does not allege any federal claims.

Hawai`i Nei apparently argues that the City's alleged violations of federal law constitute a defense against the foreclosure action. This "defense" is not a part of the Gebhardts' well-pleaded complaint and there is no indication that they have improperly omitted federal questions to avoid removal. Hawai`i Nei's allegations, therefore, cannot form the basis of federal question jurisdiction.[5]

## II.  **Removal Under 28 U.S.C. § 1443**

For the sake of completeness, the Court will also address whether removal was proper under 28 U.S.C. § 1443. Section 1443 states, in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443. There is conflicting case law on the issue whether all defendants must consent to a removal pursuant to § 1443(1). See Brown v. Florida, 208 F. Supp. 2d 1344, 1349 (S.D. Fla. 2002) (citing conflicting cases). This Court need not

---

[5] Insofar as Hawai`i Nei's defense based on the City's alleged violations of Hawai`i Nei's rights under federal law do not support removal jurisdiction, this Court declines to address whether Hawai`i Nei, which is no longer the owner of the Property, has standing to raise claims based on the alleged violations.

resolve that conflict because, even assuming, *arguendo*, that Hawai`i Nei's removal under § 1443(1) was procedurally proper, remand would still be appropriate.

In order to remove a case pursuant to § 1443(1), the defendant's petition must satisfy the two-part test established by Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966). See Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). The second part requires an assertion that "the state courts will not enforce [equal racial civil rights], and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id. at 999 (citing California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Hawai`i Nei's Notice of Removal does not meet this test. Thus, even if Hawai`i Nei based the removal of this action on § 1443(1), this Court would still find that removal was improper.

### III. **Costs Incurred**

The Gebhardts also argue that Hawai`i Nei should pay for their just costs and actual expenses, including attorneys' fees, incurred as a result of the removal. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The United States Supreme Court

11

Case 1:06-cv-00251-SOM-LK   Document 22   Filed 07/26/06   Page 12 of 13   PageID #: 256

has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 711 (2005).

This Court finds that Hawai`i Nei did not have an objectively reasonable basis for seeking removal. Hawai`i Nei failed to obtain the consent of the other defendants to the removal and it had no basis for arguing that there is federal question jurisdiction in this case. Further, Hawai`i Nei failed to allege the facts necessary to support removal under § 1443. This Court therefore recommends that the district court grant the Gebhardts' request for just costs and actual expenses incurred as a result of the removal, in an amount to be determined by the district court after the Gebhardts submit the appropriate documentation and Hawai`i Nei has an opportunity to respond to the amounts requested.

## **CONCLUSION**

On the basis of the foregoing, this Court FINDS that the instant case was improperly removed and RECOMMENDS that the Gebhardts' Motion for Remand and for Costs and Sanctions on the Grounds of Defective Removal and Lack of Federal Question, filed on May 18, 2006, be GRANTED IN PART AND DENIED IN PART. This Court recommends that the district court deny the Gebhardts' request for Rule 11 sanctions against Hawai`i Nei and its counsel

has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 711 (2005).

This Court finds that Hawai`i Nei did not have an objectively reasonable basis for seeking removal. Hawai`i Nei failed to obtain the consent of the other defendants to the removal and it had no basis for arguing that there is federal question jurisdiction in this case. Further, Hawai`i Nei failed to allege the facts necessary to support removal under § 1443. This Court therefore recommends that the district court grant the Gebhardts' request for just costs and actual expenses incurred as a result of the removal, in an amount to be determined by the district court after the Gebhardts submit the appropriate documentation and Hawai`i Nei has an opportunity to respond to the amounts requested.

## **CONCLUSION**

On the basis of the foregoing, this Court FINDS that the instant case was improperly removed and RECOMMENDS that the Gebhardts' Motion for Remand and for Costs and Sanctions on the Grounds of Defective Removal and Lack of Federal Question, filed on May 18, 2006, be GRANTED IN PART AND DENIED IN PART. This Court recommends that the district court deny the Gebhardts' request for Rule 11 sanctions against Hawai`i Nei and its counsel

and grant the Motion in all other respects.  The Court further recommends that the district court order the Gebhardts to submit documentation establishing their just costs and actual expenses incurred as a result of the removal.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAI`I, July 25, 2006.



                            /s/ Leslie E. Kobayashi
                            Leslie E. Kobayashi
                            United States Magistrate Judge

**JOSEPH GEBHARDT, ET AL. V. THE CHURCH OF HAWAI`I NEI, ET AL; CIVIL NO. 06-00251 SOM-LEK; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR REMAND AND FOR COSTS AND SANCTIONS ON THE GROUNDS OF DEFECTIVE REMOVAL AND LACK OF FEDERAL QUESTION**