IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH D. GEBHARDT; et al., | ) | CIVIL NO. 06-00251 SOM/LEK |
| | ) | |
| Plaintiffs, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION THAT THIS |
| vs. | ) | ACTION BE REMANDED TO STATE |
| | ) | COURT AND THAT COSTS AND |
| THE CHURCH OF HAWAII NEI, et al., | ) | EXPENSES BE AWARDED TO PLAINTIFFS AGAINST THE CHURCH |
| | ) | OF HAWAII NEI FOR THE |
| Defendants. | ) | IMPROPER REMOVAL OF THIS |
| _____ | ) | ACTION |

ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THIS ACTION BE REMANDED TO STATE COURT AND THAT COSTS AND EXPENSES BE AWARDED TO PLAINTIFFS AGAINST THE CHURCH OF HAWAII NEI FOR THE IMPROPER REMOVAL OF THIS ACTION

This case arises out of a state-court foreclosure proceeding. Claiming that the foreclosure implicated certain federal rights, Defendant The Church of Hawaii Nei removed this action. On June 26, 2006, Magistrate Judge Leslie E. Kobayashi issued Findings and Recommendation Regarding Plaintiffs' Motion for Remand and For Costs and Sanctions on the Grounds of Defective Removal and Lack of Federal Question ("F&R"). The F&R recommended that this court remand the action to state court because it was improperly removed. The F&R reasoned that the notice of removal was procedurally deficient because all of the Defendants did not consent to the removal. The F&R also reasoned that the state-court complaint was based entirely on state law and that The Church of Hawaii Nei's federal defense was insufficient to allow its removal. The F&R determined that

removal was improper under § 1443(1) because the notice of removal failed to assert that the state courts will not enforce "equal racial civil rights" supported by a reference to a state statute or constitutional provision purporting to command state courts to ignore federal rights.  The F&R recommended that, due to the improper removal of the state-court foreclosure action, Plaintiffs be awarded their costs and actual expenses incurred in connection with the improper removal.

On August 8, 2006, The Church of Hawaii Nei timely objected to the F&R.  This court reviews de novo[1] those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1)(B); Local Rule 74.2; see Kaluna v. Iranon, 952 F. Supp. 1426, 1429 (D. Haw. 1996), aff'd, 131 F.3d 146 (9th Cir. 1997).

The arguments raised in the August 8, 2006, objections have nothing to do with whether the F&R correctly determined that the removal was improper.  At best, The Church of Hawaii Nei appears to be arguing that removal was justified because it is

---

[1] De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).  Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the Magistrate Judge's findings or recommendation to which objections are made. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

asserting a defense based on federal law and because it would like to file a counterclaim, and/or a cross-claim that involves federal questions. The presence of a defense raising a federal question is insufficient to establish federal question jurisdiction allowing removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) ("a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated"). Moreover, because no counterclaim or cross-claim has actually been filed in this case, removal could not have been justified based on a federal question raised by a counterclaim or a cross-claim.[2]

---

[2] In any event, removal could not have been based on a federal question raised by The Church of Hawaii Nei in a counterclaim. See Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) ("removability cannot be created by defendant pleading a counter-claim presenting a federal question" (quotations and citations omitted)). Similarly, removal could not have been justified based on a federal question raised by The Church of Hawaii Nei in a cross-claim. See Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("Removal . . . cannot be based on a counterclaim or cross-claim raising a federal question. . . . ; to hold otherwise would allow defendants to determine the removability of a case."). Nor is this a situation in which a cross-claim defendant has removed the action based on a federal question raised by a cross-claim. See Lannes v. Operators Int'l, 2004 WL 2984327 (E.D. La. Dec. 20, 2004) (allowing the cross-claim defendant to remove state-court action based on cross-claim raising a federal question).

Even assuming that The Church of Hawaii Nei has objected to the entire F&R, the court would adopt the F&R after a <u>de novo</u> review of it.  The F&R is well-reasoned and contains a careful analysis of the issues raised by the parties.  For the reasons stated therein, the court adopts the F&R and remands this action to the First Circuit Court of the State of Hawaii.  For the reasons articulated in the F&R, the Church of Hawaii Nei shall be liable to Plaintiffs for Plaintiffs' costs and actual expenses related to the remand of this action.

This ruling renders moot all pending motions.  Those motions are accordingly denied.  The Clerk of the Court is directed to close this case and to send a certified copy of this order and the F&R to the Clerk of the Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1447.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 11, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>Gebhardt, et al. v. The Church of Hawaii Nei, et al.</u>, Civil No. 06-00251 SOM/LEK; ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THIS ACTION BE REMANDED TO STATE COURT AND THAT COSTS AND EXPENSES BE AWARDED TO PLAINTIFFS AGAINST THE CHURCH OF HAWAII NEI FOR THE IMPROPER REMOVAL OF THIS ACTION.